IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORTNEY L. BARNES,         )<br>    Plaintiff,         )<br>                            )<br>  v.                        )<br>                            )<br>COUNSELOR TODD KRAMER, JOHN/   )<br>JANE DOE (Member of MDT Board), )<br>JOHN/JANE DOE (Member of MDT   )<br>Board), CHAIRPERSON OF IBCC    )<br>EVELYN STEVENSON, JOHN/JANE    )<br>DOE (Member of IBCC), and JOHN/JANE )<br>DOE (Member of IBCC),          )<br>    Defendants.         ) | Civil Action No. 06-309-GMS<br><br>Jury Trial Requested |

### DEFENDANTS TODD KRAMER AND EVELYN STEVENSON'S
### ANSWER TO PLAINTIFF'S COMPLAINT [RE: D.I. 1]

COMES NOW, Defendants Todd Kramer and Evelyn Stevenson (the "Defendants"), by and through their undersigned counsel, and hereby respond to the numbered and unnumbered paragraphs of Plaintiff Cortney L. Barnes' ("Plaintiff" or "Barnes") Complaint dated May 9, 2006 (D.I. 1), as follows:

### Jurisdiction

This paragraph states a legal conclusion to which no response is required.

### Parties

1. As to paragraph 1 of the Complaint, Defendants admit that Plaintiff is a prisoner in the custody of the Delaware Department of Correction and currently housed at the Delaware Correctional Center, Smyrna, Delaware.

2. Paragraph 2 of the Complaint appears to be directed to an individual that is no longer a defendant in this action, therefore no response is required.

To the extent that a response is required, Defendants admit that Thomas Carroll is a state employee within the Delaware Department of Correction.

3. Paragraph 3 of the Complaint appears to be directed to an individual that is no longer a defendant in this action, therefore no response is required. To the extent that a response is required, Defendants admit that Joseph Belanger[1] is a state employee within the Delaware Department of Correction.

4. As to paragraph 4 of the Complaint, Defendants admit that Todd Kramer is a state employee within the Delaware Department of Correction.

5. Defendants state that the Multi-Disciplinary team members at all times relevant to this complaint were then Staff/Lieutenant Pierce and Counselor Cassie Arnold.

6. Defendants repeat the responses contained in the answer to paragraph 5 above.

7. Defendants admit that Evelyn Stevenson is a state employee within the Delaware Department of Correction. By way of further response, Defendants state that, at all times relevant to this complaint, Jayme Jackson is the maximum security supervisor IBCC Chairperson.

8. Defendants state that, at all times relevant to this complaint, Jayme Jackson is the maximum security supervisor IBCC Chairperson.

9. Defendants state that, at all times relevant to this complaint, Jayme Jackson is the maximum security supervisor IBCC Chairperson.

**Statement of Facts**

---

[1] Plaintiff misspelled Joseph Belanger's name in the caption and throughout the complaint. The correct rank and name is Sergeant Joseph Belanger.

Defendants admit that on or about May 31, 2004, Plaintiff was present with approximately 15 other inmates who proceeded to surround and confront the lone officer. It is further admitted that the officer called for back-up assistance after the inmates surrounded him. Defendants further admit that for the officers and inmates safety, all inmates involved were segregated and several inmates were transferred to a more secure location pending an investigation. Defendants deny the remaining factual allegations contained in the unnumbered paragraph of the Statement of Facts not specifically admitted herein.

10-21 Denied as a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.[2]

26. As to paragraph 26 of the Complaint, Defendants deny that they subjected Plaintiff to, or caused him to be subjected to, a deprivation of any rights protected by federal law. By way of further response Defendants deny that they violated Plaintiff's constitutional rights.

27. a thru c. The allegations of paragraph 27 of the Complaint refer to issues and claims that were dismissed by this Court's Memorandum Opinion and Order dated December 5, 2006 (D.I. 11), therefore no response is required. To the extent that a response is required Defendants deny that they violated Plaintiff's constitutional rights.

28. The allegations of paragraph 28 of the Complaint refer to issues and claims that were dismissed by this Court's Memorandum Opinion and Order dated December 5, 2006 (D.I. 11), therefore no response is required. To the extent that a response is required Defendants deny that they violated Plaintiff's statutory rights.

---

[2] Plaintiff's complaint omits paragraphs 22 through 25. For the sake of clarity and consistency, Defendants answer format will follow the complaint as presented.

**RELIEF**

Plaintiff is not entitled to any relief, by way of compensatory or punitive damages, against Defendants under any Federal constitutional provisions or statutes set forth in the Complaint, including, but not limited to 42 U.S.C. §1983.

It is specifically denied that Plaintiff is entitled to any other relief.

**DEFENSES AND AFFIRMATIVE DEFENSES**

29. The Complaint fails to state claims upon which relief may be granted.

30. The action and all claims are barred by Eleventh Amendment immunity.

31. As to any claims against Defendants in their official capacities, Defendants are protected from liability by the doctrine of sovereign immunity.

32. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights are entitled to qualified immunity and cannot be held liable in this action.

33. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

34. As to any claims sounding in state law, Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

35. To the extent Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the Doctrine of *Respondeat Superior* or vicarious liability is

not a basis for liability in an action under 42 *U.S.C.* § 1983.

36.  Plaintiff has failed to exhaust his administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

37.  Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

38.  The Plaintiff's claims are barred by his contributory negligence.

39.  Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

Wherefore, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff as to all claims and dismiss Plaintiff's Complaint, and award Defendants' their attorney's fees and costs.

       **STATE OF DELAWARE**
       **DEPARTMENT OF JUSTICE**

       */s/ Ophelia M. Waters*
       Ophelia M. Waters, I. D. #3879
       Deputy Attorney General
       Carvel State Office Building
       820 North French Street, 6th Floor
       Wilmington, Delaware 19801
       (302) 577-8400
       Counsel for Defendants Todd Kramer and Evelyn Stevenson

Dated: September 24, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2007, I electronically filed ***Defendants Todd Kramer and Evelyn Stevenson's Answer to Plaintiff's Complaint [RE: D.I. 1]*** with the Clerk of Court using CM/ECF. I hereby certify that on September 24, 2007, I mailed by United States Postal Service, the document to the following non-registered party:

    Cortney L. Barnes, pro se
    SBI# 4893609
    1181 Paddock Road
    Smyrna, DE 19977

    */s/ Ophelia M. Waters*
    Deputy Attorney General
    Department of Justice
    820 N. French St., 6th Floor
    Wilmington, DE 19801
    (302) 577-8400
    ophelia.waters@state.de.us