IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORTNEY L. BARNES )
    PLAINTIFF, )
                ) C.A. No. 06-00309-GMS
    V. )
TODD KRAMER, et. al. )
    DEFENDANTS )



FILED
JUN -9 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFFS ANSWERING BRIEF ON
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION OF THE MOTION FOR
SUMMARY JUDGEMENT

A. STATEMENT OF FACTS

1.) Cortney L. Barnes, Plaintiff, is an inmate in the custody of the Delaware Department of Correction. He is currently housed in the Delaware Correctional Center, Smyrna, De.

2.) Defendant Todd Kramer is a Correctional Counselor and member of the Multi-Disciplinary Team (MDT) at the Delaware Correctional Center.

3.) Defendant Evelyn Stevenson was not a member of the initial classification team that classified plaintiff to the Security Housing Unit, (SHU).

4.) Defendant Jayme Jackson is the chairperson of the Institutional Based Classification Committee (IBCC) of the Delaware Correction Center.

5.) Defendant Cassie Arnold was a Correction Counselor and member of the Multi-Disciplinary Team (MDT) at the Delaware Correctional Center. Cassie Arnold is no longer employed with the Delaware Correctional Center or Dept. of Correction as of July 2004.

6.) Defendant David Pierce is currently the Deputy Warden at the Delaware Correctional Center.

7-9) The Defense fails to prove plaintiff's direct involvement in the May 31, 2004 incident.

10-14.) The Defense fails to explain the 4 month gap between plaintiff's transfer on June 1, 2004 (from MHU, Medium Housing Unit to SHU Security Housing Unit) to October 1, 2004 (review of quality of life (QOL) status with plaintiff). During this period of time plaintiff should have been granted a disciplinary hearing to prove his guilt or innocence regarding the incident on May 31, 2004 as argued in the original complaint. Plaintiff respectfully asks the court to compel the defense to summon these documents for a jury to review.

15-16.)  a) Plaintiff never appealed for a review of classification on December 7, 2004. There is no evidence of plaintiff's presence at this review.
See attachment Exhibit K.

b) There is no evidence to support "a pattern of negative behavior." The defense fails to show any proof as to what 'negative behavior' is, if if be in the form of write-ups or Routine Classification Reviews.

16.) The defense argues that plaintiff's counselors note that he (plaintiff) has continually received write-ups." See attachment Ex. L. Plaintiff attended this review dated July 14, 2006. Since that review has no particular bearing on this case, plaintiff holds that it is meritless and should be rendered moot.

17.) Plaintiff's Request for Interstate Compact Transfer has no bearing on this particular case. It is meritless and therefore should be rendered moot.

B. STANDARD OF REVIEW

18.) A court may grant summary judgement "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c); See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

19.) The initial burden of proof is on the moving party to demonstrate the absence of material issues of fact and inferences drawn from the facts that would permit a reasonable jury to find for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 at 248. A fact is material if it might affect the outcome of the suit. <u>Id. at 247-48</u>. An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. <u>Id. at 249</u>. The facts must be viewed in light most favorable to the non-moving party. <u>Blackburn v. United Parcel Serv.</u>, 179 F.3d 81, 91 (3rd Cir. 1999).

20.) Where the moving party produces an affidavit or other adequate evidence of facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial and the burden shifts, then the non-moving party may not rest on its own pleadings, but must provide evidence showing a genuine issue of material fact for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

21.) The non-moving party must go beyond the

pleadings and introduce affidavits and other evidence that will create a genuine issue of fact in order to avoid summary judgement. <u>Celotex Corp. v. Catrett, 477 U.S. at 322.</u> Without a sufficient showing on an essential element of its case for which that party has the burden of proof, the moving party is entitled to judgement as a matter of law. <u>Id. at 322.</u>

22.) In order to state a claim that the state actors retaliated against the plaintiff in violation of his First Amendment right to free speech, he must prove 1.) that he engaged in constitutionally protected speech; 2.) That there was an adverse action taken by the state actors; and 3.) that a casual connection existed between the speech and the adverse action i.e., the retaliatory motive played a substantial part in the state action at issue.

<u>a) CONDUCT CONSTITUTIONALLY PROTECTED</u>

23.) Evidence given by the defense clearly fails to prove plaintiff's direct involvement in any of the May 31, 2004 events. The defense state in a number of ways under <u>STANDARD OF REVIEW</u> (a), (b), and (c) how plaintiff fails to~~w~~ show how state actors retaliated against him. In paragraph 24 the defense claims that "Barnes, with the group,

used profanity and shouted such things as "we ain't going to take this we are going to f—ck (expletive) you up.'" This is misconstrued as c/o Adams, Carlton, Sgt. Abernathy, Paul, and c/o Phillips, Marvin assisted getting the rest of the inmates to go to chow. At this time (I/m Porter, Rueben) ran up to building 24 door and shut the door saying, "We are not going any f—king (expletive) weres." I c/o Adams, Carlton later Identified 5 inmates that were directly involved in the situation..." Plaintiff challenges that if c/o Adams escorted the rest of the inmates to the chow hall how could he be for certain what was said and by whom. Plaintiff merely spoke to the unfairness that I/M Quattlebaum was being treated with.

25-27) In <u>Wilson v. Budgeon</u> the plaintiff threatened the employee or his family member which is much more severe than a complaint about an inmates treatment. Therefore, the plaintiff has proven that the conduct was constitutionally protected by the presence of material issues and inferences drawn from the facts that would permit a reasonable jury to

find for the non-moving party.
  i.) The material issues being the plaintiffs conduct on or about May 31, 2004 concerning his actions and speech toward c/orrectional officers.
  ii.) The facts are the uncertainty of c/o Adams' recollection of who did or said what because he was not present when these things were allegedly say

b.) ADVERSE ACTION PRESENT

28.) It is settle, however, that prison inmates retain those constitutional rights that are not inconsistent with their status as prisoners or with the legitimate penalogical objectives of the corrections systems. <u>Turner v. Safley, 482 U.S. at 78 (quoting Pell v. Procunier. 417 U.S. 817, 822, (1974).</u>

29. Adverse action by the state actors was practiced when plaintiff was moved to administrative confinement (SHU) for speaking in a manner within his constitutional right. In paragraph 27 the defense claims, that plaintiff used "disruptive conduct." Even c/o Adams was present to witness this "disruptive conduct" he could not be sure,

amongst the alleged commotion, that it was the plaintiff who displayed such conduct. There were 13 inmates taken, as stated in the original complaint, into seperate confined spaces. If adverse action was not taken then the 5 inmates who were singled out by c/o Adams would have been given the same treatment as the 8 inmates who were allowed to go back to there cells without further incident. <u>Barnes v. Kramer et. al, CA. No. 06-00309-GMS, STATEMENT OF FACTS, paragraph 10.</u> Refusal to lock-in, as I/m Quattlebaum displayed, usually results in what's called a 24 Loss of ALL Priviledges (LOAP) but certainly not administrative confinement. <u>King v. Rivas C. No. 04-cv-356-SM, (2006).</u> Therefore, plaintiff has proven that state actors used adverse action against him and the case should proceed to trial.

    <u>C.) CONNECTION BETWEEN PROTECTED SPEECH AND ADVERSE ACTION.</u>

    31.) Again there are no records to prove plaintiffs involvement with the incident on May 31, 2004. And it is premature for the defense to assume plaintiffs involvement without factual proof.

In fact, in the original complaint, the question was of c/o Adams' procedural decisions. The plaintiff just being present doesn't constitute involvement. The defense mentions on several occassions "the incident reports" but just as often fail to provide evidence of a formal hearing or a resolution stating guilt/innocence. The plaintiff asks the court to recognize these discrepancies by denying the defense summary judgement do to questionable gaps and unexplained issues within the merits of the case.

D.) <u>STEVENSON HAD NO PERSONAL INVOLVEMENT OR RESPONDEAT SUPERIOR LIABILITY.</u>

32-34.) Plaintiff has no arguement at this time.

E.) <u>STATE ACTORS HAVE NO QUALIFIED IMMUNITY</u>

35.) Qualified immunity "shield(s) (government agents) from liability for civil damages insofar as their conduct does not violate clearly established statuatory or constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).</u> In considering qualified immunity, the court must first determine whether the facts alleged, taken in the light most favorable to the party asserting the injury,

demonstrate that the officials conduct violated a constitutional right. Saucier v. Katz 533 U.S. 194, 201 (2001). The facts overwhelmingly demonstrate that the officials violated the plaintiffs constitutional rights as argued in the points of this answering brief. Furthermore, the facts show that there is a constitutional violation regarding whether or not the right was clearly established. Saucier v. Katz 533 U.S. (2001). To be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand what he/she is doing violates that right. C/O Adams violation has been clearly established throughout the arguement in this brief. Additionally, Todd Kramers violation is established on the following points:

 a) Todd Kramer, being the plaintiffs counselor at the time of the plaintiffs administrative confinement, knowingly ignored plaintiffs pleas to be moved to his previous housing unit. The neglection to be heard in front of a Disciplinary Hearing Officer further implicates Todd Kramers violation of plaintiffs constitutional rights. No explanation

to date has been given for plaintiffs being placed in administrative segragation. This inquiry is undertaken in light of the cases "specific context," not as a broad general preposition because C/O Adams and Todd Kramer are both directly responsible for plaintiffs extended stay in administrative confinement. <u>Saucier.</u> Their capacity to understand that moving an inmate into administrative confinement for an extended stay without a disciplinary hearing, or a formal write-up is a violation of plaintiffs constitutional rights and furthermore irresponsible.

36.) Plaintiff has shown on many occasions the overwhelming evidence that a violation of his First Amendment rights occured. Therefore the inquiry continues and the state actors are not entitled to qualified immunity.

### F. CONCLUSION

37.) Based on the foregoing reasons, I, the plaintiff, has succeeded in stating claims where evidence proves the arguement in favor of the plaintiff. Accordingly, plaintiff Cortney C. Barnes respectfully request that this Honorable

deny the defenses Motion for Summary Judgement and move this case to a trial by jury.

Cortney L. Barnes,
Plaintiff,
1181 Paddock Rd
Bldg. 21/D-L2
Smyrna, De
19977

# EXHIBIT K

Appendix E

## DELAWARE CORRECTIONAL CENTER ---- MEMORANDUM

TO: Inmate _Barnes, Courtney_, SBI# ~~████~~, Housing Unit _SHU_
VIA: Counselor _Mc Fadden_
FROM: I.B.C.C.
DATE: _12/06/04_
RE: Classification Results

Your M.D.T. has recommended you for the following:
_Continue Max,_
_SHU Programs_

The I.B.C.C.'s decision is to:

__✓__ Approve
_____ Not Approve
_____ Defer
_____ Recommend
_____ Not Recommend

**BECAUSE:**

_____ Lack of program participation          _____ Time remaining on sentence
_____ Pending disciplinary action            _____ Prior failure under supervision
_____ Gradual phasing indicated              _____ Poor institutional adjustment
_____ Open charges                           _____ Serious nature of offense
_____ Prior criminal history
_____ Failure to follow your treatment plan in that you _____

_____ You present a current and continuous danger to the safety of staff, other inmates, or the good order of the Institution. Explanation: _____

OTHER: _Rev: 02/05_

**ADDITIONAL COMMENTS:**

_____ Develop/continue treatment plan with counselor

You will be expected to address the following: _____

Copy to: Classification
Inmate
Institution File

Form #456 (3 Part NCR)
Revised 11/97

B00036

Routine Classification     Maintenance Review

Form # 908

Name: Barnes, Courtney     SBI#: [redacted]

Risk Assessment Scale:
| Community/Minimum | Minimum | Medium | Maximum |
|---|---|---|---|
| -2 to 04 | 05 - 08 | 09 – 16 | 17 or more |

12

Override: ☒ Yes    ☐ No    If yes, briefly specify reason: Pending MAB, pattern of negative behavior

Mandatory Policy Override Removal Approved By Warden/Designee _____

|  | Present | ICB or MDT Recommendation | IBCC Recommendation/ Decision | CICB Recommendation/ Decision | IRCB Decision |
|---|---|---|---|---|---|
| Security | Max | Cont. Max | Approved |  |  |
| Housing | SHU | Cont. SHU |  |  |  |
| Job |  |  |  |  |  |
| Education |  |  |  |  |  |
| Therapy | SHU programs | Cont. SHU programs |  |  |  |
| Other |  |  |  |  |  |
| Other |  |  |  |  |  |
| Next Review Date |  | Month 02 Year 05 | Month 02 Year 05 | Month / Year |  |

MDT or ICB MEMBERS PRESENT: Lt. Seacord Cpl. McFadden    Vote: Abstention: 7-0

MDT or ICB CHAIRPERSON: Nicholas Seacord    Date: 11/16/04

MDT or ICB COMMENTS: I/M Barnes was transferred after he & 5 other inmates attempted to isolate and intimidate 2 C/O's in a walkway in between 24 & another max Bldg. I have followed up to ensure the hearing will take place as it is still pending.

IBCC CHAIRPERSON: Cindy A. Hallian    Date: 12/07/04    Vote: Abstention: 3-0

Override (include justification in comments)    Comments:
Pending Disorderly or Threatening write-up from 05/04.

CICB CHAIRPERSON:    Date:    Vote: Abstention:
Override (include justification in comments)    Comments:

IRCB CHAIRPERSON:    Date:    Approved: Disapproved:
Override (include justification in comments)    Comments:

B00037

# EXHIBIT L

DL2

**Routine Classification / Maintenance Review**

Form # 908

Name: Barnes, Cortney    SBI#: [redacted]

| Risk Assessment Scale: | Community/Minimum -2 to 04 | Minimum 05 - 08 | Medium 09 - 16 | Maximum 17 or more |
|---|---|---|---|---|

16

Override: ☐ Yes  ☒ No   If yes, briefly specify reason: _____

Mandatory Policy Override Removal Approved By Warden/Designee _____

| | Present | ICB or MDT Recommendation | IBCC Recommendation/Decision | CICB Recommendation/Decision | IRCB Decision |
|---|---|---|---|---|---|
| Security | Med/High | Cont. | Approved | | |
| Housing | 22 | | | | |
| Job | | Treatman | | | |
| Education | | | | | |
| Therapy | | Relationships | | | |
| Other | | | | | |
| Other | | | | | |
| Next Review Date | | Month 01 Year 07 | Month 01 Year 07 | Month / Year | |

MDT or ICB MEMBERS PRESENT: Lt Seacord & Counselor Atallian

MDT or ICB CHAIRPERSON: Lt Seacord    Date: 7/14/06    Vote: 2-0   Abstention:

MDT or ICB COMMENTS: Based on write-ups, continuation at medium high is recommended.

IBCC CHAIRPERSON: [signature] Zondo    Date: 07/18/06   Vote: 4-0   Abstention:

Override (include justification in comments) ___   Comments:

CICB CHAIRPERSON:    Date:    Vote:   Abstention:
Override (include justification in comments) ___   Comments:

IRCB CHAIRPERSON:    Date:    Approved:  Disapproved:
Override (include justification in comments) ___   Comments:

B00023

