IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTNEY BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-00309-GMS |
| v. | ) |
| | ) |
| TODD KRAMER, EVELYN STEVENSON, | ) |
| DAVID PIERCE, JAYME JACKSON, and | ) |
| CASSIE ARNOLD, | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' ANSWER IN
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

A.  **BARNES' PLACEMENT IN RESTRICTED HOUSING UNIT WAS APPROPRIATE**

1.  Plaintiff, Cortney Barnes states in his complaint "[a prisoner is] entitled to remain in his existing housing status (building 23) unless he becomes a sufficient threat to other inmates, staff members, or himself to warrant pre-hearing detention." (Complaint, *passim*). Noticeably, he concedes his involvement with the group of approximately 15 inmates who presented an immediate threat to the safety and security of staff and the institution based on their misconduct on May 31, 2004. Id. In an attempt to minimize his role, he states in his motion, "Plaintiff merely spoke to the unfairness that I/M Quattlebaum was being treated with." (D.I. 26). The correction counselors' decision to recommend an override to Max/SHU due to Plaintiff's involvement in the inmate disturbance was the result of a legitimate penological interest. (See D.I. 24 at exhibits D, E, & H). Considering the severity of Barnes' behavior on May 31, 2004, the Institutional Based Classification Chairperson approved the override to maximum security placement. See Jackson Affidavit as Exhibit H. Clearly the record demonstrates that the decision to

continue Barnes' placement in a more restricted housing unit was contributing to an appropriate custody level to observe safety and behavior control.

2. Even after Barnes was routinely reviewed with a recommendation for medium/high security, rescinding maximum security to flow down to a less restrictive security housing environment, his counselors noted that he continually received write-ups. See D.I. 24 at Exhibit L. Nonetheless, Barnes continued to process through the classification system as appropriate within the guidelines and decision-making process for the placement to the least restrictive levels of security and custody needed to ensure the safety of the public, staff, and other inmates.

3. Upon this instant motion for summary judgment filed by Barnes, the initial burden of proof is on Barnes to demonstrate the absence of material facts essential to his case which would permit a reasonable jury to find for the State Defendants. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 at 248. A fact is material if it influences the outcome of the lawsuit. *Id.* at 247- 48. An issue is genuine if a reasonable jury could possibly find in favor of the State Defendants with regard to that issue. *Id.* at 249. The facts must be viewed in the light most favorable to the non-movant State Defendants. *Blackburn v. United Parcel Serv.*, 179 F.3d 81, 91 (3d Cir.1999).

4. State Defendants correctly contend prison inmates retain those constitutional rights that are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections system. *Turner v. Safley,* 482 U.S. 78 (1987) (quoting *Pell v. Procunier,* 417 U.S. 817, 822, (1974)).

5. The State Defendants have introduced affidavits and other evidence that create a sufficient showing on an essential element of its case for which it has the burden

of proof. *Celotex Corp. v. Catrett,* 477 U.S. at 322. Therefore, Barnes is not entitled to summary judgment. *Id.* at 322.

      6.    Specifically, Barnes has not stated any facts to support his claim that state actors retaliated against him in violation of his First Amendment right. He cannot prove that he engaged in constitutionally protected speech; that state actors took adverse action as a result, and lastly, that a retaliatory motive played a substantial part in his transfer to a more restricted housing unit. *See Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001) (quoting *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977).

      7.    Barnes, along with a group of inmates, surrounded and isolated an officer as he attempted to secure a disorderly inmate. The group refused to disburse when ordered to do so and became visibly disruptive.

      8.    Prison officials' purposes were reasonably related to a legitimate penological interest. Prison administrators deemed the incident "extremely serious in nature." See Exhibit H. Several incident reports detail violations of assault, demonstrations, disorderly and threatening behavior, inciting to riot, and failing to obey an order. (Ex. H.) Defendants' and other prison officials' decision to continue him in a more restricted housing unit was conducive to a custody level appropriate to effectively monitor and control his behavior.

**B.    STEVENSON HAD NO PERSONAL INVOLVEMENT**

      9.    Barnes' concedes and the record demonstrates an absence of material fact that Stevenson has had any involvement in any alleged conduct, and there is no evidence to enable a jury to reasonably find for Barnes on the issue of whether Stevenson had any personal involvement in the alleged constitutional violations.

10. Based on the foregoing reasons, State defendants Kramer, Arnold, Stevenson, Jackson and Pierce respectfully request that this Honorable Court deny Plaintiff Cortney Barnes' request for summary judgment for failure to state a claim upon which relief can be granted.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Ophelia M. Waters
        Ophelia M. Waters, I.D. #3879
        Deputy Attorney General
        Carvel State Office Building
        820 N. French Street, 6th floor
        Wilmington, DE 19801
        (302) 577-8400
        Attorney for State Defendants
        opehlia.waters@state.de.us

Dated: June 24, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COURTNEY BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-00309-GMS |
| v. | ) |
| | ) |
| TODD KRAMER, EVELYN STEVENSON, | ) |
| DAVID PIERCE, JAYME JACKSON, and | ) |
| CASSIE ARNOLD, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**IT IS SO ORDERED** this _____day of _____, 2008 that:

Based on the foregoing reasons, Plaintiff Cortney Barnes' request for summary judgment is denied.

**IT IS FURTHER ORDERED** Summary Judgment is entered in favor of State Defendants Todd Kramer, Evelyn Stevenson, David Pierce, Jayme Jackson, and Cassie Arnold, in their official and individual capacities, as to all claims.

_____
Chief Judge United States District Court

## *CERTIFICATE OF SERVICE*

I hereby certify that on June 24, 2008 I electronically filed *State Defendants' Response to Plaintiff's Motion for Summary Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on June 24, 2008, I have mailed by United States Postal Service, the document to the following non-registered party: Cortney L. Barnes, SBI No. 483609, Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

    /s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants
opehlia.waters@state.de.us